IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jonathan Cleodis Johnson, | ) | Case No. 6:21-cv-02604-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden of Broad River Correctional Institution, | ) ) ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On November 29, 2021, Respondent filed a Return and Memorandum and Motion for Summary Judgment. ECF Nos. 18, 19. On November 30, 2021, this Court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising Petitioner of the summary judgment/dismissal procedure and the possible consequences if he failed to respond adequately. ECF No. 20. Despite the explanation of the summary judgment/dismissal procedure and the possible consequences for failing to respond, Petitioner did not respond. On January 12, 2022, the Magistrate Judge granted Petitioner additional time to respond. ECF No. 23. The Magistrate Judge again warned Petitioner that failing to

1

respond could subject his claims to dismissal with prejudice. Petitioner has not filed any document in response to the Motion or indicated that he intends to proceed with this action.

On February 10, 2022, the Magistrate Judge issued a Report recommending that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. ECF No. 25. The Magistrate Judge advised the Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. He did not file objections to the Report, and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As previously stated, Petitioner did not file objections to the Report. Accordingly, the Court has reviewed the record in this case, the applicable law, and the Report of the Magistrate Judge for clear error. Having done so, the Court agrees with the recommendation of the Magistrate Judge. Accordingly, this action is **DISMISSED** with prejudice pursuant the Federal Rule of Civil Procedure 41(b).[1]

In addition, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the Court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/ Donald C. Coggins, Jr.
United States District Judge

March 22, 2022
Spartanburg, South Carolina

---

[1] The Motion for Summary Judgment [19] is found as **MOOT**.